UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY R.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. 3:19-cv-05214

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of his applications for disability insurance and supplemental security income benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court reverses and remands Defendant's decision to deny benefits.

          I.    <u>ISSUES FOR REVEW</u>

1. Did the ALJ err in evaluating Plaintiff's impairments at step two?
2. Did the ALJ properly evaluate the medical opinion evidence?
3. Did the ALJ err in evaluating Plaintiff's symptom testimony?
4. Did the ALJ err in evaluating lay witness testimony?
5. Does evidence submitted after the ALJ rendered his decision warrant a remand pursuant to sentence six of 42 U.S.C. 405(g)?

## II. BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security benefits on December 22, 2015 and March 16, 2016 respectively, alleging, in both applications, a disability onset date of May 13, 2013. AR 21, 273-79, 280-88. Plaintiff's applications were denied upon initial administrative review and on reconsideration. AR 21, 175-82, 183-86, 192-97, 198-204. A hearing was held before Administrative Law Judge ("ALJ") Gerald J. Hill on August 29, 2017. AR 44-96. On March 1, 2018, the ALJ issued a written decision finding that Plaintiff was not disabled. AR 18-36. The Social Security Appeals Council denied Plaintiff's request for review on January 25, 2019. AR 1-6.

On April 1, 2019 Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a

different reason. *Garrison,* 579 F.3d at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

IV.     DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairment of degenerative disc disease. AR 23. The ALJ found that Plaintiff's head injury, obstructive sleep apnea, diabetes, hypertension, anxiety, and depression were non-severe impairments. AR 23-24.

Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 26. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform his past relevant work at step four of the sequential evaluation; therefore, the ALJ determined at step four that Plaintiff was not disabled. AR 35-36, 86-87.

A. <u>Whether the ALJ erred at step two</u>

Plaintiff contends the ALJ erred by finding his mental impairments non-severe at step two of the sequential evaluation. Dkt. 12, pp. 8-10.

At step two of the sequential evaluation process, the ALJ determines whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a); *see also* Social Security Ruling ("SSR") 96-3p.

Here, the ALJ found that Plaintiff's mental impairments, anxiety and depression, were non-severe at step two, and found that these impairments did not impose more than mild limitations in the paragraph B domains. AR 23-26. The ALJ did not include any work-related mental limitations in Plaintiff's RFC. AR 26.

The Ninth Circuit has emphasized that step two is merely a threshold determination meant to screen out weak claims; in assessing the RFC, an ALJ must consider limitations and restrictions imposed by all an individual's impairments, even those that are not 'severe', and an RFC should be precisely the same regardless of whether certain impairments were found severe at step two of the sequential evaluation. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (citing Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996)); *see also Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (If an ALJ finds that a claimant has a severe medically determinable impairment at step two of the sequential evaluation, the ALJ must then consider all the claimant's medically

determinable impairments, severe and non-severe, in the remaining steps of the sequential analysis) (internal citations omitted).

The Ninth Circuit has held that a ALJ's decision to exclude depression-related functional limitations from a hypothetical posed to a vocational expert was supported by substantial evidence, when a treating physician opined the depression was a mild impairment that did not significantly interfere with the claimant's ability to perform basic work-related activities. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Here, the ALJ's conclusion -- that Plaintiff's mental health impairments were mild and did not meaningfully limit his ability to perform basic work-related activities – is supported by the record. Even though the mental health impairment is found to be medically determinable, this does not necessarily mean the impairment would create work-related functional limitations.

For example, in this case -- following a September 2013 evaluation, examining neuropsychologist Lawrence Majovski, Ph.D. opined that from a neurocognitive perspective, Plaintiff had no limitations that would prevent him from returning to work. AR 548-50. In June 2015, Dr. Majovski opined that Plaintiff could perform his past work as a loan officer with temporary restrictions that could be accommodated by regularly scheduled breaks. AR 625-26, 651.

On August 20, 2014, examining neurologist William Stump, M.D. opined that Plaintiff did not have any residual cognitive deficits stemming from his May 2013 work accident. AR 505-06. On October 7, 2015 examining neurologist George Delyanis, M.D. also stated that Plaintiff did not have an organic cognitive disorder or any limitations stemming from his work injury. AR 677.

1    Psychiatrist Lanny Snodgrass, M.D., who examined Plaintiff on April 8, 2014,
2 opined that from a purely psychological perspective, Plaintiff "should be able to gain
3 some reasonable type of employment on a reasonable continuous basis." AR 524. On
4 May 17, 2016 Dr. Snodgrass re-stated his opinion that Plaintiff should be able to
5 engage in "some reasonable type of work." AR 775. Dr. Snodgrass opined that Plaintiff
6 had a category two permanent mental impairment pursuant to Washington
7 Administrative Code ("WAC") 296-20-340, which is defined as an impairment that can
8 cause a range of "mild", "rare", "occasional", "episodic" and "brief" mental health
9 symptoms, but which allows an individual to engage in productive activity "most of the
10 time" and carry out usual work day activities unassisted. *Id.*; WAC 296-20-340(2).

11    On April 11, 2017, examining psychiatrist Michael Friedman, D.O. opined that
12 Plaintiff's mental health condition had not worsened, and his symptoms were still
13 consistent with a category two impairment. AR 1599.

14    The April 13, 2016 opinion of psychologist Loreli Thompson, Ph.D., who
15 observed that Plaintiff exhibited deficits in understanding, memory, and concentration
16 during her examination, is at odds with the other examining medical sources. AR 736.
17 Yet, the ALJ's finding that Plaintiff's mental impairments did not impose work-related
18 functional limitations is supported by substantial evidence, namely the opinions of Dr.
19 Majovski, Dr. Stump, Dr. Delyanis, Dr. Snodgrass, and Dr. Friedman. *See Biestek v.*
20 *Berryhill*, 139 S. Ct. 1148, 1154-55 (2019) (the substantial evidence standard requires
21 an ALJ's decision to be supported by "more than a mere scintilla" of evidence and is
22 defined as "such relevant evidence as a reasonable mind might accept as adequate to
23 support a conclusion.")

24

25

1      B.  <u>Whether the ALJ erred in evaluating the opinion evidence</u>

2      Plaintiff contends that the ALJ erred in evaluating the opinion of examining physician Justin Taylor, M.D. Dkt. 12, pp. 3-7.

In assessing the information provided by an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Taylor examined Plaintiff on May 12, 2016. AR 830-35. Based on this examination, Dr. Taylor opined that Plaintiff would be able to lift and carry less than 10 pounds occasionally, and would have a range of other postural, manipulative, and environmental limitations. AR 834-35.

The ALJ assigned "little weight" to Dr. Taylor's opinion, reasoning that: (1) It was inconsistent with largely normal physical examinations conducted by other physicians; and (2) Dr. Taylor's opinion was partly based on an inaccurate assumption that Plaintiff had radiculopathy. AR 33-34.

With respect to the ALJ's first reason, inconsistency with the medical evidence may serve as a specific, legitimate reason for discounting limitations assessed by a physician. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more

consistent a medical opinion is with the record as a whole, the more weight [the Social Security Administration] will give to that medical opinion."); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

Here, the ALJ found that Dr. Taylor's opinion was inconsistent with the April 2014 examination conducted by Dr. Stump, which revealed no significant midline or paracervical tenderness, no significant paralumbar tenderness, no areas of localized tenderness in the extremities, intact motor strength, intact reflexes, and intact station and gait. AR 34, 513-14. The ALJ also found that the limitations assessed by Dr. Taylor were inconsistent with physical examinations conducted by Jon Kooiker, M.D. from 2013 to 2015, which revealed normal muscle bulk, no motor weakness, normal sensory testing, and normal gait and station.  AR 34, 587, 609, 615.

Plaintiff contends that the ALJ did not correctly characterize the findings of Dr. Stump and Dr. Kooiker, and there is other evidence in the record consistent with Dr. Taylor's opinion. Dkt. 12, pp. 5-7.

First, Dr. Stump issued an opinion consistent with his clinical findings, stating several months after the examination cited by the ALJ that Plaintiff did not have any residual cognitive deficits stemming from his May 2013 work accident. AR 505-06.

Second, numerous examinations conducted during the period at issue were consistent with the findings of Dr. Kooiker and Dr. Stump, indicating that Plaintiff had some back and chest pain, but no significant neurocognitive deficits or other physical limitations. AR 31, 483, 494, 496, 498, 500, 513-14, 577, 582, 587, 595, 599, 606, 609, 615, 680, 685, 774, 793, 795, 799, 805, 808, 811, 825, 828, 1462, 1582, 1743-44. As

such, the ALJ has provided a specific and legitimate reason for discounting Dr. Taylor's opinion.

Although the ALJ provided another specific, legitimate reason to discount Dr. Taylor's opinion, the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

C. <u>Whether the ALJ erred in assessing Plaintiff's testimony</u>

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting his symptom testimony. Dkt. 12, pp. 10-12.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*; *see Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In discounting Plaintiff's testimony, the ALJ reasoned that: (1) Plaintiff's allegations concerning his physical limitations were inconsistent with the medical record;

(2) Plaintiff collected unemployment benefits after his alleged onset date; and (3) Plaintiff's allegations are inconsistent with his self-reported activities of daily living. AR 31-32.

With respect to the ALJ's first reason, an inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

The ALJ also found that Plaintiff, who alleges he became disabled on May 13, 2013, was collecting unemployment benefits until 2016. AR 32, 296-97, 307. The ALJ reasoned that to receive unemployment benefits, Plaintiff was required to certify that he was ready, willing, and able to work full-time, which is inconsistent with Plaintiff's allegation that he was disabled during this period. AR 32; WAC 192-170-010; *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (receipt of unemployment benefits can cast doubt on a claim of disability, as it shows that an applicant holds himself out as capable of working).

Yet, there is ambiguity in the record concerning the Plaintiff's medical condition during a period from approximately the fall of 2016 forward. See Part IV. Subsection E., below. Because this case is subject to reversal and remand for the reasons discussed below, the ALJ is directed to review Plaintiff's testimony, and take additional testimony if

necessary -- in light of the Court's order of reversal and remand to expand the record, as discussed below.

### D.  Whether the ALJ erred in evaluating lay witness statements

Plaintiff contends that the ALJ erred in evaluating a lay witness statement from Plaintiff's spouse. Dkt. 12, pp. 10-11.

When evaluating opinions from non-acceptable medical sources such as a therapist or a family member, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

Plaintiff's spouse submitted a statement concerning Plaintiff's medical history, symptoms, and functional limitations in August 2017. AR 456-58. the ALJ discounted this lay witness statement and reasoned that it was inconsistent with the medical record and Plaintiff's self-reported activities of daily living. AR 35. *See Baylis v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2007) (conflict between lay witness testimony with plaintiff's activities of daily living constitutes a germane reason for rejecting such testimony); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision).

Accordingly, the ALJ has provided germane reasons for discounting the statement from Plaintiff's spouse.

### E. Whether new evidence warrants a remand pursuant to sentence six of 42 U.S.C. 405(g)

Plaintiff argues that evidence submitted after the ALJ rendered his decision warrants remanding this case pursuant to sentence six of 42 U.S.C. 405(g). Dkt. 12, pp. 12-14.

"In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (*citing Melkonyan v. Sullivan*, 501 U.S 89, 99-100 (1991)). According to sentence six:

> The [district] court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

42 U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Schaefer*, *supra*, 509 U.S. at 297, n. 2. (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan*, *supra*, 501 U.S. at 99-100; *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12

1       Plaintiff maintains that a May 2018 medical source statement submitted by Brian Iuliano, M.D. justifies a remand pursuant to sentence six. Dkt. 12, pp. 12-14. Dr. Iuliano, who treated plaintiff during and after his November 6, 2016 hospitalization for a spine infection and septic emboli (MSSA staph infection), rendered his opinion two months after the ALJ's decision, and found that due to physical impairments and pain, Plaintiff would not be able to sustain an 8-hour workday, would need extra, irregular breaks during the day, and would likely be absent 4 days per month. AR 14-15.

New evidence is material under section 405(g) if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination." *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir.2001) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984)).

The matter in dispute in this case is whether Plaintiff was disabled between his alleged onset date, May 13, 2013, and the date the ALJ issued his decision, March 1, 2018. Dr. Iuliano issued his opinion in May 2018, two months after the ALJ issued his decision. In his opinion, Dr. Iuliano noted medical findings of "stiffness" related to the conditions of "history of cervical myelopathy with residual deficits, history of cervical spine infection, history of cervical fusion, headaches, back pain." AR 14.

Even assuming, for purposes of this analysis, that Dr. Iuliano's opinion would not support a sentence six remand, this Court must nevertheless consider Dr. Iuliano's opinion in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which

considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

Medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.1988). A medical opinion or evaluation may be relevant even if several years have passed between the date last insured and the date of the examination. *Id.* However, a retrospective opinion may be discredited if it is inconsistent with, or unsubstantiated by, medical evidence from the period of claimed disability. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir.1995).

In this case, there is ambiguity in the record, and a remand is necessary for the ALJ to expand the record and consider the evidence submitted by Dr. Iuliano. As to the period between Plaintiff's septic infection (which appears to have happened during October of 2016) and May 2018, there appears to be an onset of more severe conditions for which Plaintiff was apparently hospitalized on October 18, 2016, November 3-7, 2016, and December 10-22, 2016. AR 1671-1706; 1711-14. The record shows that Plaintiff could not ambulate without a walker for months. AR 1711-58. Dr. Iuliano and many other physicians worked with Plaintiff during that time, and his rehabilitation appears to have been difficult. *Id.*

Dr. Iuliano's opinion, which was rendered in May 2018, is unclear concerning whether the limitations he assessed applied as to the period from May 2018 forward, to Plaintiff's period of hospitalization in late 2016, or the entire period at issue. Dr. Iuliano's opinion is also vague concerning whether his opinion is based on his interactions with

Plaintiff in 2016, his review of the medical record, or a subsequent examination not in evidence.

Accordingly, the court orders a remand on an open record. *See, Dominguez v. Colvin,* 808 F.3d 403, 409-410 (9th Cir. 2015) (if there are outstanding issues creating uncertainty about the existence of a disability -- and ambiguity concerning the onset date -- a remand for further proceedings is appropriate); and *Burrell v. Colvin,* 775 F.3d 1133, 1141-1142 (9th Cir. 2014) (the Court may remand on an open record when the record as a whole creates a serious doubt about the issue of disability).

The ALJ shall take necessary steps to develop the record, including but not limited to: Contacting Dr. Iuliano, to ascertain: (1) whether the limitations contained in his May 2018 opinion apply to the entire period at issue, or if they apply to some portion of the period at issue, or if they only apply to the period from May 2018 forward; and (2) whether Dr. Iuliano's opinion is based on his treatment of Plaintiff in 2016, his review of the medical record, or a subsequent examination not in evidence, or a combination; and in light of this opinion, does the record need to be expanded further to determine whether a different date of onset would be supported, and to determine whether the 12-month length-of-time requirement of a continuous disability has been met. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (The ALJ "has an independent 'duty to fully and fairly develop the record.')

## CONCLUSION

Based on the foregoing discussion, the record is ambiguous concerning the basis of Dr. Iuliano's opinion and whether the limitations in his opinion, which was rendered after the ALJ's hearing, relate back to the period at issue. Defendant's decision to deny benefits therefore is therefore REVERSED AND REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 30th day of June, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 16